UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-1967-JVS (KK)** | Date: | November 9, 2017 |
| Title: | *Ricardo Pimentel v. Christian Pfeiffer, Warden* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed As Untimely [Dkt. 1]

## I.
## INTRODUCTION

On October 9, 2017, Petitioner Ricardo Pimentel ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 convictions and sentence for burglary and possession of stolen property. See ECF Docket No. ("Dkt.") 1, Pet. However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

## II.
## BACKGROUND

In 2010, Petitioner was convicted of first degree burglary in violation of sections 459, 460 of the California Penal Code and receiving stolen property in violation of section 496 subdivision (a) of the California Penal Code. Pet. at 1; see also People v. Pimentel, No. G044873, 2012 WL

1708856, at *1 (Cal. Ct. App. May 16, 2012).¹ Petitioner was sentenced to a term of thirty-five years to life in state prison.² See Pimentel, 2012 WL 1708856, at *1.

On March 2, 2011, Petitioner filed a direct appeal in the California Court of Appeal. California Courts, Appellate Courts Case Information, Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=43&doc_id=1972300&doc_no=G044873 (last updated Nov. 9, 2017, 8:26 AM). On May 16, 2012, the California Court of Appeal affirmed the conviction. Pet. at 2; Pimentel, 2012 WL 1708856. Petitioner did not file a petition for review in the California Supreme Court. Pet. at 2.

On December 5, 2016, Petitioner filed a petition for habeas corpus in the California Supreme Court. Pet. at 3; California Courts, Appellate Courts Case Information, Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2171343&doc_no=S238774 (last updated Nov. 9, 2017, 8:26 AM). On January 18, 2017, the California Supreme Court denied the petition. Id.

On June 22, 2017, Petitioner filed a second petition for habeas corpus in the California Supreme Court. Pet. at 4; California Courts, Appellate Courts Case Information, Docket,http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2207271&doc_no=S242738 (last updated Nov. 9, 2017, 8:26 AM). On September 13, 2017, the California Supreme Court denied the petition. Id.

On October 9, 2017, Petitioner constructively filed the instant Petition in this Court. Pet. at 15.

## III.
## DISCUSSION

**A.  THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Pet. at 15. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for

---

¹  The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

²  On direct appeal, the California Court of Appeal stayed the execution of Petitioner's concurrent sentence of twenty-five years to life for receiving stolen property. Pimentel, 2012 WL 1708856, at *2.

seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues its decision. Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008);[3] see Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision in a [criminal] proceeding . . . , including an order dismissing an appeal involuntarily, is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court.").

Here, Petitioner's conviction became final on June 25, 2012, forty days after the California Court of Appeal issued its decision denying Petitioner's direct appeal on May 16, 2012. See Brown, 303 F. App'x at 459. AEDPA's one-year limitations period commenced the next day, June 26, 2012, and expired on June 26, 2013. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not file the instant Petition until October 9, 2017. Dkt. 1. Therefore, the Court deems the instant Petition untimely by over four years and three months, in the absence of any applicable tolling.

**B.    STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year statute of limitations expired on June 26, 2013. However, Petitioner did not file his first state habeas petition in the California Supreme Court until December 5, 2016. Because Section 2244(d) does not permit reinitiation of the limitations period, statutory tolling does not render the Petition timely.

**C.    EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).

---

[3] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed R. App. P. 32.1(a).

The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

Here, Petitioner alleges he was stabbed in July 2012, placed in segregation, and his legal mail was confiscated and never returned, because Petitioner refused to "debrief" regarding the stabbing. Pet. at 13-14. Petitioner mentions he was in segregation for over a year and continues to have trouble getting his legal materials. Id. at 14. However, even if Petitioner was entitled to tolling for the year he was in segregation, this does not appear to justify equitable tolling for over four years. Thus, equitable tolling does not appear to render the Petition timely. Bills, 628 F.3d at 1097.

## IV.
## ORDER

Accordingly, based upon the Petition as currently submitted, Section 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than November 30, 2017**. Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form.** However, the Court warns Petitioner any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.** See Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**